UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

NOUREDDINE AZMI

CIVIL ACTION

VERSUS

CHEROKEE INSURANCE
COMPANY ET AL.

NO.: 19-243-BAJ-EWD

RULING AND ORDER

Before the Court is Cherokee Insurance Company's **Motion to Dismiss (Doc. 15)** for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). For the reasons that follow, the **Motion (Doc. 15)** is GRANTED.

I. BACKGROUND

Plaintiff Noureddine Azmi was struck by a car as he was walking along a Missouri highway. (Doc. 1–15 at p. 1). Alleging grave injuries, Azmi sued Cherokee Insurance Company in Louisiana state court, seeking uninsured motorist benefits under a policy Cherokee Insurance Company issued to his employer, TranStewart Trucking, Inc. *Id.* at ¶¶ 1–13.

Cherokee Insurance Company removed the case to this Court on the basis of diversity jurisdiction. (Doc. 1). Azmi is a Louisiana citizen. (Doc. 1–15 at ¶ 1). Cherokee Insurance Company, like non-party TranStewart Trucking, Inc., is a Michigan citizen, incorporated under the laws of Michigan, with its principal place of business in the State of Michigan. (Doc. 15–2).

1

Jury

Now, Cherokee Insurance Company moves to dismiss for lack of personal jurisdiction. *See* (Doc. 15). Cherokee Insurance Company argues that the Court does not have general personal jurisdiction because Cherokee Insurance Company lacks "continuous and systematic" contacts with Louisiana. (Doc. 15–1 at p. 4). And the Court lacks specific personal jurisdiction, Cherokee Insurance Company continues, because Azmi's claim for uninsured motorist benefits does not arise from its activities in Louisiana. *Id.* at p. 7. In response, Plaintiff insists that the Court has personal jurisdiction over Cherokee Insurance Company simply because the company "issued" an insurance policy to a Louisiana resident. (Doc. 18 at p. 3–4). Absent from Plaintiff's pleadings are any allegations that Cherokee Insurance Company has ever transacted business in or otherwise entered the State of Louisiana, or contracted directly with any of its residents, including Plaintiff himself.

## II. LEGAL STANDARD

Azmi bears the burden of establishing the Court's jurisdiction over Cherokee Insurance Company. *See Johnston v. Multidata Sys. Intern. Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). Because the Court did not hold an evidentiary hearing, Azmi "need only make a *prima facie* case" for personal jurisdiction. *Id.* at p. 609. The Court accepts as true the uncontroverted allegations in Azmi's complaint and resolves any factual conflicts in Azmi's favor. *See Halliburton Energy Servs., Inc. v. Ironshore Specialty Ins. Co.*, 921 F.3d 522, 539 (5th Cir. 2019).

2

## III. DISCUSSION

The Court has personal jurisdiction over Cherokee Insurance Company if Louisiana's long-arm statute confers personal jurisdiction over it, and the Court's exercise of jurisdiction complies with the Due Process Clause of the Fourteenth Amendment. *See Trois v. Apple Tree Auction Ctr., Inc.*, 882 F.3d 485, 488 (5th Cir. 2018). Because Louisiana's long-arm statute extends jurisdiction to the limits of due process, the Court need only determine whether its exercise of jurisdiction satisfies due process. LA. REV. STAT. § 13:3201(B); *Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 336 (5th Cir. 1999).

To satisfy due process, Cherokee Insurance Company must have "minimum contacts" with Louisiana, and the Court's exercise of jurisdiction "must not infringe on 'traditional notions of fair play and substantial justice.'" *Trois*, 882 F.3d at 488-89 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). With regard to minimum contacts, the United States Supreme Court has "distinguished between specific or case-linked jurisdiction and general or all-purpose jurisdiction." *BNSF Ry. Co. v. Tyrell*, 137 S. Ct. 1549, 1558 (2017).

### A. General Jurisdiction

General jurisdiction exists when a non-resident defendant's contacts with the forum state are substantial, continuous, and systematic. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414–19, (1984); *Religious Tech. Ctr. v. Liebreich*, 339 F.3d 369, 374 (5th Cir. 2003). The "continuous and systematic contacts test is a difficult one to meet, requiring extensive contacts between a defendant and a forum."

3

*Submersible Sys., Inc. v. Perforadora Cent., S.A.*, 249 F.3d 413, 419 (5th Cir. 2001). "[E]ven repeated contacts with forum residents by a foreign defendant may not constitute the requisite substantial, continuous and systematic contacts required for a finding of general jurisdiction . . . ." *Revell v. Lidov*, 317 F.3d 467, 471 (5th Cir. 2002).

The Fifth Circuit has consistently imposed a high standard for establishing general jurisdiction. *See, e.g., Cent. Freight Lines Inc. v. APA Transp. Corp.*, 322 F.3d 376, 381 (5th Cir. 2003) (finding no general jurisdiction even though the defendant routinely arranged and received interline shipments to and from Texas and regularly sent sales people to Texas to develop business, negotiate contracts, and service national accounts); *Asarco, Inc. v. Glenara, Ltd.*, 912 F.2d 784, 787 (5th Cir. 1990) (holding that sporadic contacts with Louisiana were insufficient to cause the defendant to reasonably anticipate the possibility of being hauled into court in Louisiana); *Johnston v. Multidata Systems Intern. Corp.*, 523 F.3d 602 (5th Cir. 2008) (holding that defendant did not have sufficient systematic and continuous contacts with forum state even though defendant took multiple trips to forum state, advertised nationwide in publications that reached forum state, and attended multiple conventions in forum state).

Plaintiff has not met the high standard of establishing general jurisdiction in the State of Louisiana. None of Plaintiff's pleadings allege that Cherokee Insurance Company maintained continuous and systematic contacts with the forum state. Instead, Plaintiff merely argues that Cherokee Insurance Company transacted

4

business with a single Louisiana resident by the transitive property of having issued an insurance policy to that resident's Michigan-based employer. (Doc. 18 at p. 4). The tenuous relationship linking this singular transaction between two Michigan companies to a Louisiana resident is neither substantial, nor systematic, nor continuous, and as such, Plaintiff fails to establish general jurisdiction.

**B. Specific Jurisdiction**

For a court to exercise specific jurisdiction, Plaintiff must show: (1) the defendant purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) the plaintiff's cause of action arose out of or resulted from the defendant's forum-related contacts; and (3) the court's exercise of personal jurisdiction is fair and reasonable. *Guidry v. U.S. Tobacco Co.*, 188 F.3d 619, 625 (5th Cir. 1999).

The specific jurisdiction form of minimum contacts "focuses on the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 571 U.S. 277, 285 (2014) (citation omitted). This analysis "looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Id.* That relationship "must arise out of contacts that the 'defendant himself' creates with the forum State.'" *Id.* at p. 284 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). A single contact suffices if a plaintiff's claim arises from that contact. *Religious Tech. Ctr. v. Liebreich*, 339 F.3d 369, 375 (5th Cir. 2003).

Again, Plaintiff fails to meet his burden of establishing personal jurisdiction. Cherokee Insurance Company does not appear to have created any contacts at all

5

with the forum state. As discussed *supra*, the only link Plaintiff alleges between Cherokee Insurance Company and the State of Louisiana is an insurance policy issued to fellow Michigan corporation TranStewart Trucking, Inc., Plaintiff's employer. (Doc. 18, at p. 3). Plaintiff avers that this transaction constitutes the requisite minimum "single contact" directed at a forum state necessary to confer jurisdiction. *Id.* at p. 4. Merely contracting with a resident does not alone establish minimum contacts—instead, one must evaluate the overall transaction, with an eye towards determining whether the defendant purposefully availed itself of the privilege of doing business in the forum state. *Christian Tours v. Homeric Tours*, 239 F.3d 366 (5th Cir. 2000). Plaintiff does not even allege that Cherokee Insurance Company directly contracted with a Louisiana resident, and offers no facts that would indicate that this transaction amounted to Cherokee Insurance Company availing itself of the privilege to do business in Louisiana.

IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Cherokee Insurance Company's **Motion to Dismiss (Doc. 15)** is **GRANTED**.

Baton Rouge, Louisiana, this 24th day of January, 2020.

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA